UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


BRIAN C. CONYERS,

    Plaintiff,

v.                                  CASE NO: 8:12-cv-1623-T-26MAP

UNITED STATES OF AMERICA,

    Defendant.
_____/

**O R D E R**

Upon due and careful consideration, and after further reflection, it is ordered and adjudged that Plaintiff's Petition for Reconsideration of Court's Sua Sponte Denial of Section 2255 Motion (Dkt. 5) is denied, thus relieving Government counsel of the responsibility of filing a response to the motion as directed by the Court in the endorsed order entered August 9, 2012, at docket 6.

Plaintiff's argument in support of reconsideration is based on cases determining whether a particular state conviction qualifies as a violent felony for sentencing enhancement purposes under the Armed Career Criminal Act (the ACCA) pursuant to 18 U.S.C. § 924(e)(2)(B). However, his sentence was enhanced based on prior State of Florida convictions for serious drug offenses under § 924(e)(2)(A)(ii), those convictions consisting of nine earlier sales of cocaine. As three panels of the Eleventh Circuit, consisting of eight current judges of the Eleventh Circuit

have determined,[1] a Florida conviction for sale of cocaine qualifies as a serious drug offense under the ACCA.  See United States v. Pitts, 394 Fed.App'x 680 (11th Cir. 2010); United States v. Horne, 206 Fed.App'x 942 (2006); United States v. Smith, 199 Fed.App'x 759 (11th Cir. 2006).[2]  Cf. Garcia-Cervantes v. United States, No. 12-11278-C (11th Cir. Aug. 8, 2012) (order issued by Judge Martin of the Eleventh Circuit denying plaintiff a certificate of appealability with regard to whether his Florida drug convictions used to enhance his federal sentence for illegal reentry after deportation were constitutionally invalid).

**DONE AND ORDERED** at Tampa, Florida, on August 10, 2012.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record
Plaintiff, *pro se*

---

[1] One of those judges, Judge Stanley Birch, has since left the Eleventh Circuit.

[2] Although the Court recognizes that unpublished opinions are not binding precedent and are persuasive only pursuant to Eleventh Circuit Rule 36-2, nevertheless, the Court opts to follow these decisions because, as just noted, those three decisions represent the considered opinions of eight current members of the Eleventh Circuit.